UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STORMWATER SYSTEMS, INC., et al.

Plaintiffs,

v.

DOUGLAS REITMEYER, et al.,

Defendants.

No. 2:14-cv-2472-MCE-CKD

ORDER

On January 7, 2016, a hearing in this case was held before the undersigned to address defendants' motion to enforce the parties' settlement agreement dated August 5, 2015.[1] (ECF No. 95.) Attorneys William Lapcevic and Lawrence Townsend appeared on behalf of plaintiffs. Attorneys Robert Merritt and William Sessions appeared on behalf of defendants. Having reviewed the parties' briefing, evidence, and other relevant filings, having heard the parties' oral arguments, and for the reasons discussed on the record during the hearing, the undersigned determines that plaintiffs have defaulted under the terms of the parties' settlement agreement. Moreover, the undersigned further determines that defendants also have violated the terms of the parties' settlement agreement. For the reasons stated on the record during the hearing, and

---

[1] Under the terms of the settlement agreement, the parties have consented to the undersigned's continuing jurisdiction over this action and have granted the undersigned sole discretion to determine whether either party has defaulted under the terms of that agreement and to fashion appropriate remedies in the event of such defaults.

1

pursuant to agreement by the parties, the undersigned grants plaintiffs one final opportunity to resolve their obligations under the settlement agreement in the manner directed below.  If plaintiffs do not comply with this order, a further order will issue finding plaintiffs in default with further direction regarding what the parties are to do to fulfill their obligations under the settlement agreement.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days of the date of this order, plaintiffs shall fully resolve the settlement amounts owed to defendants under the parties' settlement agreement through a payment of $250,000.00 to defendants.[2]  At the end of this 30-day period, plaintiffs shall file a status report notifying the court of whether they have timely made the full $250,000.00 payment to defendants as directed.  If plaintiffs successfully make the payment as directed by this order, plaintiffs' payment obligation under the settlement agreement will be deemed fully satisfied.

2. If plaintiffs fail to make the full $250,000.00 payment within the 30-day timeframe allotted to them,[3] the court will issue a subsequent order finding plaintiffs in default under the settlement agreement and directing the parties to discharge their obligations under the settlement agreement in a manner to be further detailed in that order.[4]

---

[2] As noted during the hearing, the current outstanding balance plaintiffs currently owe defendants under the terms of the settlement agreement is $240,000.00.  However, the undersigned finds a payment of $250,000.00 to be appropriate under the circumstances in order to also compensate defendants for their attorneys' fees and costs associated with enforcing the settlement agreement in light of plaintiffs' default.

[3] As the undersigned stated during the hearing, if it appears that plaintiffs will need some additional time to come up with the $250,000.00, the parties may stipulate to permitting that additional time.  However, plaintiffs are informed that the undersigned is not inclined to grant any unilateral requests for such an extension.  Furthermore, if it becomes evident to plaintiffs or their counsel that plaintiffs will not be able to comply with this order within the allotted time, plaintiffs shall inform both defendants and the court that plaintiffs will not be able to timely comply as soon as reasonably possible so that the undersigned can issue a subsequent order detailing what the parties must do in light of plaintiffs' inability to timely comply with this order.

[4] As the undersigned indicated to counsel during the hearing, it is abundantly clear that the parties' business relationship at the center of this matter is irreconcilable.  Therefore, the undersigned intends to ensure the dissolution of this discordant union one way or the other depending on whether plaintiffs comply with this order.

3.       Defendants and their counsel shall not communicate with any anyone regarding this matter that would interfere with plaintiffs' payment obligations pursuant to this order, or otherwise take any action in an attempt to interfere with such obligations.[5]

4.       Plaintiffs and their counsel shall not do anything to dissipate, encumber, or hide the Safe Drain Business Assets defined in the settlement agreement prior to a determination by the court that plaintiffs have fully satisfied their payment obligations pursuant to this order.[6]

5.       All interim payments to be made by the parties under the terms of the settlement agreement are stayed.

6.       All terms in the settlement agreement, including those relating to sanctions, non-disparagement, competition, and the undersigned's continuing jurisdiction over this matter, are still in full effect.

IT IS SO ORDERED.

Dated:  January 11, 2016

KJN/amd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[5] As discussed at the hearing, such prohibited communications include, but are not limited to, those made with plaintiffs' creditors for the purpose of providing them with information regarding plaintiffs' assets or otherwise encouraging them to seek collection on plaintiffs' debts.

[6] Plaintiffs are cautioned that if they violate this directive, appropriate sanctions will be imposed upon them, including the possible initiation of contempt proceedings against them.